# EXHIBIT 2

Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
dgarrett@harrisandruble.com
mgal@harrisandruble.com

*Attorneys for Plaintiff Michael Bonner*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/15/2024 4:26 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL BONNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPOCH MEDIA GROUP, LLC, a Delaware Limited Liability Company; MINDY GOLDBERG, an individual; PHILIP MORRISON, an individual, JEFFREY PREISS, an individual, and DOE 1 through and including DOE 10,<br><br>Defendants. | Case No: **24STCV06576**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Cal. Lab. Code (the "Code") §§ 201.3, 201.5, 203 and/or 204, Continuing Wages<br><br>2. Code §§ 226(a), Failure to Provide Compliant Pay Stubs<br><br>3. Code §§ 226.7 and 512 and IWC Wage Order 12, Failure to Provide Meal Breaks<br><br>4. Code § 226.7 and IWC Wage Order, Failure to Provide Rest Breaks<br><br>5. Code §§ 1194, 1194.2 and 1198, Damages for Unpaid Minimum Wages<br><br>6. Code § 2802, Failure to Reimburse Necessary Expenses<br><br>7. Code § 226(b), Failure to Provide Employment Records Upon Request<br><br>8. Code § 1198.5, Failure to Provide Employment Records Upon Request<br><br>9. Code § 17200 *et seq.*, Unfair Business Practices Business and Professions<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Bonner (Plaintiff) by and through his undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.     This Complaint seeks unpaid wages, damages, statutory penalties and attorneys' fees and costs.

2.     Venue as to Defendants is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5.  Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.  The violations of the PAGA alleged herein had a direct effect on and were committed within the State of California, impacting Plaintiff and the Aggrieved Employees.

3.     Emergency Rule 9 as promulgated by the Judicial Council of California provides: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  The Advisory Committee Comment notes that: "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code (Of the Time of Commencing Civil Actions), is construed "as including a special proceeding of a civil nature"). . . . The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure."

## THE PARTIES

4.     Plaintiff Michael Bonner is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

5.     Defendant Epoch Media Group, LLC, ("Epoch") is a Delaware Limited Liability Company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California and produced a commercial entitled "H&R Block #92432" ("hereinafter the Production").

6.     Defendant Mindy Goldberg ("Goldberg") is a Founder and Chief Executive Officer of Epoch .

7.     Defendant Philip Morrison ("Morrison") is a Founder and manager of Epoch.

2

8. Defendant Jeffrey Preiss ("Preiss") is a manager of Epoch.

9. Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure. Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named Defendants, during the relevant time period maintained a place of business in the County of Los Angeles of the State of California. Defendants Epoch, Goldberg, Morrison, Preiss and Does One through and including Doe Ten are hereinafter collectively referred to as Defendants. Defendants are "temporary services employers" as defined by Code § 201.3 and required to pay workers no less frequently than weekly.

10. Defendants are "temporary services employers" as defined by Code § 201.3 and required to pay workers no less frequently than weekly. Section 201.3 provides, in part:

(a) For purposes of this section, the following definitions apply:
(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:
(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.
(B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.
(C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.
(D) Assigns or reassigns workers to perform services for clients or customers.
(E) Sets the rate of pay of workers, whether or not through negotiation.
(F) Pays workers from its own account or accounts.
(G) Retains the right to hire and terminate workers.
. . .
(4) "Client" and "customer" mean the person with whom a temporary services employer has a contractual relationship to provide the services of one or more individuals employed by the temporary services employer.
(b)(1)(A) Except as provided in paragraphs (2) to (5), inclusive, if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision.
. . .
(c) A temporary services employer who violates this section is subject to the civil penalties provided for in Section 203 and to any other penalties available at law.

3

**(d)** This section shall not be interpreted to limit any rights or remedies otherwise available under state or federal law.

Code § 201.3.

11.    As a "temporary services employer," EPOCH is an employing unit which contracts with clients to supply workers to perform services to its clients.  EPOCH performs all of the following functions: (A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services; (B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments; (C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer; (D) Assigns or reassigns workers to perform services for clients or customers; (E) Sets the rate of pay of workers, whether or not through negotiation; (F) Pays workers from its own account or accounts; and (G) Retains the right to hire and terminate workers.

12.    Plaintiff is informed and believes and thereon allege that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations

## GENERAL ALLEGATIONS

13.    Defendants employed Plaintiff during the class period for the filming for the Commercial entitled "H&R Block #92432" on or about November 14, 2023, until November 18, 2023, as a crew member on the Production. Once his employment ended, Defendants were required to pay him by the next week on or before November 24, 2023.  However, his check was not prepared until on or after December 1, 2023.  Defendants are routinely tardy in their wage payments to crew.  Further, on December 1, 2023, Plaintiff requested his records relating to his work for Defendeants.   One such record, the California Wage Theft Prevention Act Notice to Employee assured Plainff that his wages

would be paid "weekly". Such tarday payments were also made, for example, with respect to the production of a United Healthcare #92395 project shot in July of 2020; King's Hawaiian Bread # 92405; AT&T Direct TV Stream #92428; H&R Block #92432; Toyota #92438.

14.    Although Plaintiff should have been paid in full for the accrued minimum wages, provided proper, uninterrupted meal periods and rest breaks, and issued final wages no later than as required by Code §201.3 and/or 201.5, he has yet to be paid the full amount of wages owing to him. The final payment did not fully compensate Plaintiff for all outstanding wages. Plaintiff and Class Members have as of the date of filing of this Complaint not been fully compensated for all work performed for the Defendants.

15.    Plaintiff and Class Members, were required to keep their walkie talkie radios or cell phones with them at all times, including during meal and rest breaks. Some breaks were simply not provided at all. This policy precluded Defendants from providing Plaintiff and others the ability to enjoy legally compliant meal and rest breaks as required by California law. Augustus v. ABM Sec. Servs. Inc., 2 Cal. 5th 257, 260 (2016).

16.    Plaintiff is typically hired as an employee on the production of filmed content. He typically works under the direction and supervision of producers, directors, ad agencies and clients. Some supplies and equipment were provided by Defendants and/or leased by them for use on the Production. Some supplies and equipment were provided by Defendants, and some were provided by Plaintiff, for which he subsequently requested reimbursement for such expenses. Defendants secured and provided the location for the Production where the work took place.

17.    At all relevant times mentioned herein, Wage Order 12 of the California Industrial Welfare Commission applied to Plaintiff and Class Members. In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time pay, records, meal periods and rest periods (obligations which the employer, here, failed to fulfill, both with respect to Plaintiff and Class Members). The Wage Order provides, in relevant part:

**3. Hours and Days of Work.**
(A) Daily Overtime - General Provisions
(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school

5

and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime as follows:

(a) Employees may be employed up to a maximum of sixteen (16) hours including meal periods in any one day from the time they are required and do report until dismissed, provided the employee is compensated for such overtime at not less than:

(1) For daily employees and weekly employees, excluding weekly employees guaranteed more than forty (40) hours a workweek and "on call" employees, one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any one workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(3) Overtime payments shall not be compounded and all payments made by the employer for daily overtime on the basis herein above specified shall be applied toward any sum for weekly overtime.

(4) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary. The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

. . .

## 7. Records.

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the

6

employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

. . .

**11. Meal Periods.**

(A) No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period.

(B) Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(D) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

**12. Rest Periods.**

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3.5) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Cal. Code of Regs., tit. 8, § 11120 ("Wage Order 12"). Similar provisions are found in Wage Order 4, governing persons such as Plaintiff and the class.

18.     At all times relevant herein, section 201.5 of the Code provided in part:

(a) For purposes of this section, the following definitions apply:
(1) "An employee engaged in the production or broadcasting of motion pictures" means an employee to whom both of the following apply:

7

(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.

(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project or is hired on the basis of one or more daily or weekly calls.

(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.

(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.

(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or any other moving images, including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination by the next regular payday.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or performed labor. The payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee or made available to the employee at the location specified by the employer, whichever is earlier.

(d) For purposes of this section, an employment terminates when the employment relationship ends, whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise.

(e) Nothing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204.

Code § 201.5.

19.     Defendants employed individuals such as Plaintiff and Class Members to work on the production on motion pictures, yet Defendants failed to timely or fully pay them, all in violation, inter alia, of Code sections 201.3, 201.5 and/or 204.

20.     At all relevant times mentioned herein, section 203 of the Code provided in part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who

secretes or absents themselves to avoid payment to them, or who refuses to receive the payment when fully tendered to them, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which the employee so avoids payment.

Code § 203(a). \By failing to pay Plaintiff and Class Members all wages when due at termination, Plaintiff and Class Members are entitled to continuing wages pursuant to section 203 of the Code.

21.     At all times relevant herein, section 204 of the Code provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Code § 204.

22.     In no event should Plaintiff or Class Members have been paid later than the time periods established by sections 201.3, 201.5 and/or 204 of the Code, but certain payments to Plaintiff were made after they were due, all leading to penalties and civil penalties under sections 203 and 204 of the Code, all as described in the Naranjo v. Spectrum Security Services, Inc., 13 Cal. 5th 93 (2022).

23.     At all times relevant herein, section 210 of the Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Code § 210. Further, the Defendants' policy has been to devote insufficient resources to the payroll accounting function, with the inevitable result that employees are routinely paid in tardy fashion, in violation of sections 201.3, 201.5, 203 and/or 204 of the Code, and otherwise in violation of the Code.

24.     Code sections 226.7, 512 and Section 12 of the Wage Order require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Section 12 requires that "No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal

period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period." Defendants failed to maintain a policy informing all Class Members of these rights.

25.    Defendants implemented a timekeeping system that does not permit employees to track and record their actual hours worked insofar as all are required to report meal breaks of exactly thirty minutes.  This policy and practice has the routine and recurrent impact of artificially insulating the employer from incurring additional expense on account of tardy, missed, interrupted and/or short meal periods and depriving compensation for all hours worked.  Further, the workers are logged on the clock only at artificially created "call times" which do not reflect when the work day commenced.

26.    Here, Defendants failed to apprise all Class Members of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1) requiring all Class Members to take late meal breaks that occurred after the first 6 hours of each shift; (2) requiring Class Members to work shifts over 12 hours without providing a second meal period of 30 minutes in length; and (3) failing to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided. At all relevant times mentioned herein, section 226.7 of the Code provided:

> (a) As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.
> (b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.
> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Code § 226.7.

27.    At all relevant times mentioned herein, section 226 of the Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours

worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Code § 226. Defendants employed Plaintiff and 226 Class Members, but, in all cases, Defendants failed to provide them with the data required by section 226(a) of the Code. Defendants did not provide a wage statement which identifies the legal name and address of the employer, as well as failing to describe the inclusive dates of the pay period. Rather, they engaged in a practice of substituting the days worked, all of which prevents the worker from determining "from the wage statement alone" when their wages were due in violation of the plain statutory language. All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and Class Members insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

28.    At all relevant times mentioned herein, section 1194 of the Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

11

Code § 1194.

29.    At all relevant times mentioned herein, section 2802 of the Code provided in part:

(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
(b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Code § 2802. Defendants failed to reimburse Plaintiff and Class Members for necessary business expenses incurred in the performance of their duties, such as for the use of a personal cell phone and for other motion picture production equipment and supplies.  Cell phones or computers are required for onboarding; preparation of time cards; and other, routine, on-the-job communications with other members of the crew.

30.    At all relevant times mentioned herein, section 558 of the Code provided:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Code § 558. Defendants are the employers or other persons acting on behalf of an employer who violated or caused to be violated the relevant sections of the Code referenced herein.

31.    At all relevant times mentioned herein, section 558.1 of the Code provided:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of

12

333333333333333333333333333333333

the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Code § 558.1. Upon information and belief, Defendants were joint employers or other persons acting on behalf of an employer who violated or caused to be violated the relevant sections of the Code referenced herein. Defendants directly and/or indirectly controlled the Class Members' wages, working conditions and hours and were responsible for the policies or lack of policies that caused the Code violations. Defendants' personnel and/or representatives were on the set of the productions and actively participated in the productions, and/or had the authority to do so.

32.    At all relevant times mentioned herein, section 2810.3 of the Code provided:

(a) As used in this section:
(1) (A) "Client employer" means a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor.
. . .
(2) "Labor" has the same meaning provided by Section 200.
(3) "Labor contractor" means an individual or entity that supplies, either with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business.
. . .
(4) "Wages" has the same meaning provided by Section 200 and all sums payable to an employee or the state based upon any failure to pay wages, as provided by law.
(5) "Worker" does not include an employee who is exempt from the payment of an overtime rate of compensation for executive, administrative, and professional employees pursuant to wage orders by the Industrial Welfare Commission described in Section 515.
(6) "Usual course of business" means the regular and customary work of a business, performed within or upon the premises or worksite of the client employer.
(b) A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for both of the following:
(1) The payment of wages.
(2) Failure to secure valid workers' compensation coverage as required by Section 3700.
(c) A client employer shall not shift to the labor contractor any legal duties or liabilities under Division 5 (commencing with Section 6300) with respect to workers supplied by the labor contractor.
(d) At least 30 days prior to filing a civil action against a client employer for violations covered by this section, a worker or his or her representative shall notify the client employer of violations under subdivision (b).
(e) Neither the client employer nor the labor contractor may take any adverse action against any worker for providing notification of violations or filing a claim or civil action.
(f) The provisions of subdivisions (b) and (c) are in addition to, and shall be supplemental of, any other theories of liability or requirement established by statute or common law.
. . .

Code § 2810.3.

The manufacturer Volkswagen Group/or distributor of Volkwagen vehicles was the client employer of Plaintiff and Class Members, and Defendants were the labor contractors

## CLASS-ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the Code of Civil Procedure. Plaintiff seeks to represent a "Code Class" composed of and defined as follows:

> For the period three years and 178 days prior to the filling of this Complaint to date, all persons paid wages on account of services provided for Defendant EPOCH in the production of Motion Pictures[1] (such persons are referred to hereafter as Code Class Members, and such period is referred to hereafter as the Class Period)

Further, Plaintiff seeks to represent a "17200 Class" composed of and defined as follows:

> All persons paid wages on account of services provided for Defendant EPOCH in the production of Motion Pictures in California during the period beginning no earlier than four years and 178 days prior to the filing hereof to the date of a decision on a Motion for Class Certification (such persons are referred to as "17200 Class Members," and such period is referred to hereafter as the "Class Period").

Further, Plaintiff seeks to represent a "226 Class" composed of and defined as follows:

> For the period one year prior to the filling of this Complaint to date, all persons paid wages on account of services provided for Defendant EPOCH in the production of Motion Pictures in California until the date of a decision on a Motion for Class Certification (such persons are referred to hereafter as 226 Class Members, and such period is referred to hereafter as the 226 Class Period).

34.    This action has been brought and may be properly maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

35.    Defendants, as to Plaintiff and 226 Class Members, also failed to accurately provide the data required by section 226(a) of the Code and, accordingly, Defendants' failure to provide such data entitles Plaintiff and each 226 Class Member to either actual damages or statutory liquidated damages, whichever is greater.

---

[1] See Cal. Lab. Code § 201.5 defining Motion Pictures.

14

36. Defendants, as to Plaintiff and Code Class Members, failed to timely compensate the workers as required by sections 201.3, 201.5, 203 and/or 204 of the Code and, accordingly, Defendants' failure to make timely payment entitles Plaintiff and each Class Member to statutory damages.

37. Defendants, as to Plaintiff and 17200 Class Members, failed to provide meal and rest breaks as required by sections 226.7, 512 of the Code and Wage Order 12, and, accordingly, Defendants' failure to provide meal and rest breaks entitles Plaintiff and 17200 Class Members to either actual damages or statutory damages, whichever is greater, as well as continuing wages for which provision is made by Naranjo.

A.    Numerosity

38. The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employed during the relevant time periods at least five hundred workers in the State of California. The number of Class Members is great, but not so great as to make the class unmanageable. It therefore is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

39. Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendants are required by law to keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

B.    Commonality

40. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Defendants failed to pay all wages in a timely fashion upon the discharge of Code Class Members, all in violation of sections 201.3, 201.5, 203 and/or 204 of the Code.

b.    Whether Defendants failed to pay all wages during employment, all in violation of sections 204 and 210 of the Code.

15

c.      Whether Defendants' failure to provide accurate itemized wage statements to 226 Class Members violates section 226.

d.      Whether Defendants failed to provide meal breaks to 17200 Class Members.

e.      Whether Defendants failed to provide rest breaks to 17200 Class Members.

f.      Whether Defendants failed to pay proper minimum wages to Code Class Members under Code sections 1194 and 1194.2.

g.      Whether Defendants failed to reimburse necessary business expenses to Code Class Members under Code sections 2802.

h.      Whether Class Members are entitled to restitution due to Defendants' unfair or unlawful business practices under Cal. Bus & Prof. Code sections 17200 *et seq.*

**C.      Typicality**

41.     There is a well-defined community of interest in the questions of law and fact common to the Class Members.

42.     The claims of the named Plaintiff are typical of the claims of the Class, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the Code and applicable Wage Order.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein. Plaintiff has no conflict of interest with the other Class Members and are able to represent the Class Members' interests fairly and adequately.

**D.      Adequacy of Representation**

43.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiff are competent and experienced in litigation large employment class actions.  Neither Plaintiff nor Plaintiff's counsel have any conflict with the Class.

**E.      Superiority of Class Action**

44.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the

16

Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay hourly wages, failing to pay overtime wages, failing to provide Class Members rest and meal periods without legal compensation. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action. The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court. The interest of the Class Members in controlling the prosecution of separate claims against Defendants is small when compared with the efficiency of a class action.

## FIRST CAUSE OF ACTION
(Continuing Wages, Code § 201.3, 201.5, 203, 204
On Behalf of Plaintiff and the Code Class Against All Defendants)

45. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

46. Defendants employed Plaintiff as a crew member. Plaintiff was not paid all wages accrued upon separation from employment and not paid all wages accrued once the production ended.

47. Plaintiff, and Code Class Members consistently worked more than 6-hour and/or 12-hour shifts. However, they were required to keep their walkie talkies, radios and/or cell phones on their persons, turned on and audible at all times, including during their rest periods and meal breaks and/or they were precluded from leaving the set and its immediate environs during their breaks, all due to the requirements of the Filmmakers Code of Professional Responsibility. Accordingly, they were denied their breaks and are entitled to an additional thirty minutes of wages for each faux meal break, funds which remain unpaid.

48. Defendants' failure to compensate Plaintiff and Code Class Members within the time for which provision is made by section 201.5 of the Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

49. Pursuant to section 203 of the Code, Plaintiff and Code Class Members are entitled to continuing wages from Defendants in an amount according to proof, and Plaintiff is entitled to penalties

17

of at least $30,000. Plaintiff and Code Class Members are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the Code.

## SECOND CAUSE OF ACTION
(Failure to Provide Compliant Pay Stubs, Code § 226(a)
On Behalf of Plaintiff and the 226 Class Against Defendants)

50. Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

51. Defendants failed to provide Plaintiff and 226 Class Members with wage statements conforming to the requirements of section 226(a) of the Code. For a majority of the workers, the wage statements fail to provide a statement of all gross and net wages, or all deductions, as the information concerning payments to union health and pension plans is not presented.

52. The foregoing was intentional misconduct of Defendants that injured Plaintiff and 226 Class Members insofar as they were deprived of information to which they were legally entitled, including but not limited to all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee the name and address of the legal entity that is the employer, inclusive dates of the weekly period for which the employee is paid, and all applicable rates of pay. Further, with respect to guild and union workers, the wage statements fail to provide information regarding all gross or net wages or all deductions as the wage statements as the wage statements fail to reflect wages earned in connection with funds accrued for payment to pension and health funds or that these amounts are deducted from wage payments.

53. The failure of Defendants to provide compliant wage statements violates section 226(a) of the Code. The failure caused them injury by depriving them of information to which they are legally entitled. Accordingly, Plaintiff and 226 Class Members are entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of Code section 226(e), all in a sum according to proof. Plaintiff is entitled to an amount according to proof of at least $50, not including interest thereon, reasonable attorneys' fees and cost of suit

///

///

18

## THIRD CAUSE OF ACTION
(Failure to Provide Meal Breaks, Code §§ 226.7 and 512 and IWC Wage Order 12
On Behalf of Plaintiff and the 17200 Class Against Defendants)

54.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

55.     At all times herein relevant, sections 226.7 and 512 of the Code and IWC Wage Order 12 provided that those employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than six hours and a second thirty-minute meal period after no less than six hours after the termination of the preceding meal period.  By its failure to provide minimum statutory meal periods to Plaintiff and Class Members, Defendants willfully violated the provisions of Code sections 226.7 and 512, and IWC Wage Order 12.

56.     Defendants failed to apprise Plaintiff and 17200 Class Members of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1) requiring all workers to take late meal breaks that occurred after the first 6 hours of each shift; (2) required Aggrieved Employees to work shifts over 12 hours without providing a second meal period of 30 minutes in length; and (3) failed to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided. Plaintiff and Class Members were not permitted to leave the set of the Production for meal periods.

57.     Because Defendants failed to properly provide the proper meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

58.     As a result of the unlawful acts of Defendants, Plaintiff and 17200 Class Members have been deprived of premium wages, and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, in an amount of not less than $35,000 for Plaintff, plus interest thereon, and costs.

///

///

///

19

## FOURTH CAUSE OF ACTION
(Failure to Provide Rest Breaks, Code § 226.7 and IWC Wage Order)
On Behalf of Plaintiff and the 17200 Class Against Defendants)

59.   Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

60.   At all times herein relevant, sections 226.7 of the Code and IWC Wage Order 12 provided that employees must receive rest periods of at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

61.   By its failure to provide required breaks to Plaintiff and 17200 Class Members, Defendants willfully violated the provisions of Code sections 226.7 and IWC Wage Order 12.

62.   Plaintiff and Class Members were not permitted to leave the set of the Production for any purported rest periods. They were required to be available via radio or personal cell phone at all times, yes were not reimbursed for the expense of owning and maintaining a personal cell phone.

63.   Because Defendants failed to properly provide the proper rest breaks, it is liable to Plaintiff and 17200 Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest breaks were not provided, pursuant to Code section 226.7 and IWC Wage Order 12.

64.   As a result of the unlawful acts of Defendants, Plaintiff and 17200 Class Members have been deprived of premium wages, and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, fees, and costs.

## FIFTH CAUSE OF ACTION
(Damages for Unpaid Minimum Wages,
Code §§ 1194, 1194.2 and 1198
On Behalf of Plaintiff and the Code Class Against All Defendants)

65.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

66.   Plaintiff and the 17200 Class Members, worked many hours for Defendants, without compensation for work performed, as required by law. Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage.

20

67.     Plaintiff and Code Class Members are entitled to recover liquidated damages under section 1194.2 of the Code in an amount according to proof.  Plaintiff and Code Class Members are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the Code.

### SIXTH CAUSE OF ACTION
(Failure to Reimburse Necessary Expenses, Code §2802
On Behalf of Plaintiff and the Code Class Against All Defendants)

68.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

69.     In discharge of their duties, Defendants required Plaintiff and Code Class Members to make purchases and/or rent equipment for their work on the set of a motion picture production. Plaintiff and Class Members were required to use their personal cellphones but were not always reimbursed for such use.

70.     Pursuant to section 2802 of the Code, Plaintiff and Code Class Members are entitled to reimbursement of their out-of-pocket expenses from Defendants and damages in addition to interest thereon, attorney's fees and costs.

### SEVENTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Code § 226(b)
On Behalf of Plaintiff Against All Defendants)

71.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

72.     Pursuant to Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

73.     Plaintiff has requested that Defendants permit inspection or copying of Plaintiff's employment records pursuant to Code section 226(b).  Defendants failed to provide Plaintiff employment records within 21 days of the requests.

74.     Pursuant to Code Section 226(b) and (f), Plaintiff is entitled, and hereby seek to recover from Defendants a seven-hundred-fifty-dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

21

## EIGHTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Code § 1198.5
On Behalf of Plaintiff Against All Defendants)

75.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

76.    Pursuant to Code section 1198.5, an employer shall make the contents of an employee's personnel records available for inspection.

77.    Plaintiff requested that Defendants permit inspection or copying of the personnel records pursuant to Code section 1198.5. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy the employment records within 30 days of the request.

78.    Pursuant to Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty-dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

## NINTH CAUSE OF ACTION
(Unfair Business Practices Business and Professions Code section 17200 *et seq.*
On Behalf of Plaintiff and the 17200 Class Against Defendants)

79.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

80.    Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff alleges that Defendants engaged in unfair business practices in California by the above-described failure to timely pay all wages due including overtime wages.

81.    Defendants' violation of California wage and hour laws as herein articulated constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff.

82.    As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the 17200 Class Members and members of the public. Defendants should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and the 17200 Class Members.

22

Case 2:24-cv-04433-AH-AGR Document 2-2 Filed 05/28/24 Page 24 of 25 Page ID #:42

83. The actions of Defendants entitle Plaintiff to seek the remedies available under section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein. Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

**WHEREFORE**, Plaintiff prays judgment as follows:

1. That the Court certify a Class Action.

2. That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Code Class Members' wages was in violation of sections 201.3, 201.5, 203 and/or 204 of the Code, and was "willful" as that word is used in section 203 of the Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Code Class Members. That judgment be entered in favor of Plaintiff, of not less than $30,000, and Code Class Members in an amount prescribed by section 203 of the Code, and costs and reasonable attorneys' fees in accordance with the provisions of Code section 218.5.

3. That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff, of at least $50, not including interest thereon, reasonable attorneys' fees and cost of suit, and enter judgment in favor of the 226 Class Members against Defendants in the amount of damages, interest, and costs, according to proof, not less than $100,000 for the 226 Class, and costs and reasonable attorneys' fees in accordance with the provisions of Code section 226(e).

4. That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and the Code Class Members and award them their damages, penalties, and costs of suit, all according to proof, in an amount of not less than $35,000, pursuant to section 218.5 and other relevant sections of the 17200.

5. That, under the Fourth Cause of Action, this Court enter judgment in favor of Plaintiff and the 17200 Class Members and award them their damages, penalties, and costs of suit, all according

to proof, pursuant to section 218.5 and other relevant sections of the Code.

6. That, under the Fifth Cause of Action, this Court enter judgment in favor of Plaintiff and the Code Class Members and award them their damages, penalties, liquidated damages, reasonable attorney's fees and costs of suit, all according to proof, of no less than $333 for Plaintiff, pursuant to section 218.5, 1194, 1194.2 and other relevant sections of the Code.

7. That, with respect to the Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and 17200 Class Members against all Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance Code section 2802(c).

8. That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of Plaintiff against Defendants of $750, reasonable attorney's fees, and the costs of bringing this cause of action under Code Section 226(b) and (f).

9. That, with respect to the Eighth Cause of Action, this Court enter judgment in favor of Plaintiff against Defendants of $750, reasonable attorney's fees, and the costs of bringing this cause of action pursuant to Code Section 1198.5(k).

10. That, under the Ninth Cause of Action, it be adjudged that Defendants' violations of the applicable Wage Order and above cited sections of the Code and violated section 17200 *et seq.* of the California Business and Professions Code. Accordingly, Plaintiff requests that the Court order Defendants to pay restitution with interest to Plaintiff and the 17200 Class Members. Finally, Plaintiff requests that the Court award Plaintiff's reasonable attorneys' fees and costs, pursuant to section 218.5 of the Code and section 1021.5 of the California Code of Civil Procedure.

11. For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED: March 15, 2024                                   HARRIS & RUBLE

                                                        *Alan Harris*

                                                        Alan Harris
                                                        *Attorney for Plaintiff*

24